UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

      -against-

RICARDO JAVIER MARTINO-SERRANO,

                Defendant.

----------------------------------------X

12 Cr. 844 (RWS)

SENTENCING
OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/15

**Sweet, D.J.**

      On March 12, 2015, Ricardo Javier Martino-Serrano ("Martino-Serrano" or "Defendant") pled guilty to conspiring to distribute and possess with intent to distribute 5 kilograms and more of cocaine.

      For the reasons set forth below, Martino-Serrano will be sentenced to 262 months' imprisonment followed by five years' supervised release, subject to the scheduled sentencing hearing on March 31, 2015. Defendant is also required to pay a special assessment of $100.

**Prior Proceedings**

Defendant was named in a one-count superseding indictment (the "Indictment") filed in the Southern District of New York.  The first and only count of the Indictment charges that from about 2011 through November 2012, in the Southern District of New York and elsewhere, Martino-Serrano, and others, conspired to distribute and possess with intent to distribute 5 kilograms and more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) ("Count 1").

The forfeiture allegation indicates that, as a result of committing the controlled substance offenses charged in Count 1, Martino-Serrano shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting proceeds from the offense.

On March 12, 2014, Martino-Serrano allocuted to his criminal conduct as charged before the Honorable James C. Francis.  In accordance with a Pimentel letter, the position of the United States Attorney's Office is as follows:

> (1)  The Guidelines provisions in effect as of November 1, 2013, apply in this case.

2

(2)   The applicable guideline for Count 1 is U.S.S.G. § 2D1.1.

(3)   The base offense level is 38, pursuant to U.S.S.G. §§ 2D1.1(a)(5) and (c)(1), because the offense involved more than 150 kilograms of cocaine.

(4)   Defendant is a "Career Offender" pursuant to U.S.S.G. § 4B1.1(a); therefore, the offense level remains 38 because the maximum penalty is life.

(5)   Assuming Defendant, in a timely manner, clearly demonstrates acceptance of responsibility, through his allocution and subsequent conduct prior to the imposition of sentence, a three-level reduction will be warranted, pursuant to U.S.S.G. §§ 3E1.1(a) and (b).

(6)   In accordance with the above, the applicable Guidelines offense level is 35.

(7)   Based upon the information available to the Government (including representations by the defense), Defendant has eleven criminal history points.  As Defendant is a Career Offender pursuant to U.S.S.G. § 4B1.1, the Criminal History Category is VI.

(8)   Based upon the calculations set forth above, Defendant's Guideline range is 292 to 365 months' imprisonment.  The applicable fine range is $20,000 to $10,000,000.


Defendant is scheduled to be sentenced on March 23, 2015.


**The Sentencing Framework**


In  accordance  with  the  Supreme  Court's  decision  in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir.  2005),  the  sentence  to  be  imposed  was  reached  through

consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement . . . [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  A sentencing judge is permitted to find
all the facts appropriate for determining a sentence, whether
that sentence is a so-called Guidelines sentence or not.  See
Crosby, 397 F.3d at 114-15.

**The Defendant**

     The Court adopts the facts set forth in the
Presentence Investigation Report ("PSR") with respect to
Defendant's personal and family history.

**The Offense Conduct**

     The Court adopts the facts set forth in the PSR with
respect to the offense conduct.  These facts are summarized, in
brief form, below.

     Between approximately October 2011 and November 2012,
Martino-Serrano was involved in a conspiracy to transport
thousands of kilograms of cocaine from Puerto Rico to New
Jersey, for ultimate redistribution in the Southern District of
New York and other locations.  Martino-Serrano obtained cocaine
from various sources in Puerto Rico who were looking to ship
cocaine to the New York area.  Martino-Serrano, along with

Nelson Gustavo Colon-Torrez ("Colon-Torrez") arranged for the cocaine to be brought to Eduardo Andino's ("Andino") house in Puerto Rico.

The owners of the drugs provided Martino-Serrano and Colon-Torrez with the contact information of various individuals, which information Martino-Serrano and Colon-Torrez in turn provided to Andino and Omar Aponte ("Aponte"). According to Colon-Torrez, Martino-Serrano paid him $2,000 per kilogram.  From that share, Colon-Torrez gave Pablo Ventura-Nieves ("Ventura-Nieves") $1,000 per kilogram, paid others, such as Aponte and Andino, and kept the rest.

Alfonso Castillo ("Castillo") and Eric Fernandez ("Fernandez") were narcotics traffickers and partners who sent cocaine from Puerto Rico to New Jersey.  Fernandez made arrangements with Martino-Serrano to have the cocaine delivered from Puerto Rico to New York, and also helped Martino-Serrano in Puerto Rico to pick up and deliver drugs to Colon-Torrez for shipment to the New York/New Jersey area.

## The Relevant Statutory Provisions

The maximum term of imprisonment for Count 1 is life imprisonment.  21 U.S.C. §§ 841(b)(1)(A), 846.

The Court must impose a term of supervised release of at least five years for Count 1 (21 U.S.C. § 841(b)(1)(A)).

Defendant is not eligible for probation.  21 U.S.C. § 841(b)(1)(A).

The maximum fine is $10,000,000 for Count 1.   21 U.S.C. § 841(b)(1)(A).  A special assessment of $100 is mandatory pursuant to 18 U.S.C. § 3013.

## The Guidelines

The November 1, 2014 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11.

The guideline for 21 U.S.C. § 846 offenses is found in U.S.S.G. § 2D1.1 of the guidelines.  According to the Government, Defendant's actions involved over 150 kilograms of

cocaine, resulting in a base offense level of 36.  U.S.S.G. §
2D1.1.

Defendant was at least 18 years old at the time of the
instant offense of felony conviction involving controlled
substances.  Additionally, Defendant has at least two prior
felony convictions of either a crime of violence or a controlled
substance offense.  Therefore, Defendant is determined to be a
Career Offender.  As the maximum statutory custodial term is
life imprisonment, the offense level is 37.  U.S.S.G. § 4B1.1.

Defendant has demonstrated acceptance of
responsibility for the offense and has assisted authorities in
the investigation or prosecution of the Defendant's own
misconduct by notifying authorities of the intention to enter a
plea of guilty.  Accordingly, the offense level is decreased by
three levels.  U.S.S.G. §§ 3E1.1(a), (b).

Defendant has four known adult convictions.  On
January 6, 1997, Defendant was sentenced to 120 days'
imprisonment in Los Angeles Superior Court, for
"Sell/Furnish/Marijuana/Hash."  Pursuant to U.S.S.G. §
4A1.2(e)(3), this conviction warrants zero criminal history
points.

On May 19, 2006, Defendant was sentenced to 78 months' and 4 years' supervised release in the U.S. District Court in the District of Puerto Rico, for Aiding and Abetting to Possess With Intent to Distribute Cocaine.  Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(e)(1), this conviction warrants three criminal history points.

On May 24, 2007, Defendant was sentenced to two years' imprisonment in the 253rd District Court of Chambers County in Liberty, Texas, for Possession of Marijuana in the 3rd Degree. Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(e)(1), this conviction warrants three criminal history points.

On August 27, 2014, Defendant pled guilty to Criminal Sale of a Controlled Substance in the 2nd Degree in Courtland County Court.  Pursuant to U.S.S.G. §§ 4A1.1(c) and 4A1.2(a)(4), this plea warrants one history point.

At the time the instant offense was committed, Defendant was on supervised release for his 2006 federal conviction.  Pursuant to U.S.S.G. § 4A1.1(d), two points are added, for a total criminal history score of nine.  Pursuant to the sentencing table in U.S.S.G. Chapter 5, nine criminal history points establishes a Criminal History Category of IV.

However, Defendant's Criminal History Category is enhanced to VI because he is considered to be a Career Offender. U.S.S.G. § 4B1.1. Since Defendant has at least two prior felony convictions involving a controlled substance, he meets the criteria for Career Offender, and his Criminal History Category must be VI.

Based on a total offense level of 34 and Criminal History Category of VI, the guideline range of imprisonment is 262 months to 327 months.

The range for a term of supervised release is five years. U.S.S.G. § 5D1.2(c).

Defendant is not eligible for probation. U.S.S.G. §§ 5B1.1(b)(2).

The fine range for these offenses is $17,500 to $10,000,000. U.S.S.G. § 5E1.2.

Costs of prosecution shall be imposed on the Defendant, as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the

10

expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2014, provides a daily cost of $80.25, a monthly cost of $2,440.97, and an annual cost of $29,261.62 for imprisonment.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is

11

determined that a Guidelines sentence is warranted in the
instant case.

**The Sentence**

For the instant offense, Martino-Serrano shall be
sentenced to 262 months' imprisonment to be followed by five
years' supervised release.

As mandatory conditions of his supervised release,
Defendant shall:

(1)   Not commit another federal, state, or local crime.

(2)   Not illegally possess a controlled substance.

(3)   Not possess a firearm or destructive device.

(4)   Refrain from any unlawful use of a controlled
      substance.  Defendant shall submit to one drug testing
      within 15 days of placement on probation or supervised
      release and at least two unscheduled drug tests
      thereafter, as directed by the probation officer.

(5)   Cooperate in the collection of DNA as directed by the
      probation officer.

The standard conditions of supervision (1-13) are
recommended with the following special conditions:

(1)   Defendant shall submit his person, residence, place of
      business, vehicle, or any other premises under his
      control to a search on the basis that the probation

12

officer has reasonable belief that contraband or
evidence of a violation of the conditions of the
release may be found.  The search must be conducted at
a reasonable time and in a reasonable manner.  Failure
to submit to a search may be grounds for revocation.
Defendant shall inform any other residents that the
premises may be subject to search pursuant to this
condition.

(2)  Defendant shall provide the probation officer with
access to any requested financial information.

(3)  Defendant is to report to the nearest Probation Office
within 72 hours of release from custody.

(4)  Defendant is to be supervised by the district of
residence.

It is further ordered that Defendant shall pay to the
United States a special assessment of $100, which shall be due
immediately.

Defendant does not have the ability to pay a fine and
so the fine in this case is waived.

Defendant shall forfeit his interest in any and all
proceeds and property used or intended to be used to commit
and/or facilitate the commission of the instant offense.  See 21
U.S.C. § 853; Fed. R. Crim. P. 32.2.

Defendant is ineligible for voluntary surrender.

It is so ordered.

New York, NY
March 27, 2015

ROBERT W. SWEET
U.S.D.J.